UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Victor Bernard Perkins, | Case No. 24-cv-1094 (JMB/DTS) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Dr. Jack Daniels, Chief Psychiatrist; et al., | |
| Defendants. | |

The Eastern District of North Carolina transferred Plaintiff Victor Bernard Perkins's civil action to this District in the interests of justice pursuant to 28 U.S.C. § 1406(a). Dkt. No. 12. Perkins's civil complaint, Dkt. No. 6, Motion to Proceed *In Forma Pauperis* (IFP), Dkt. No. 2, Motion for Entry of Default, Dkt. No. 7, Motion for a Procedural Show Cause Order, Dkt. No. 8, second Motion for a Procedural Show Cause Order, Dkt. No. 9, and Motion for a Procedural Order as an Interlocutory Judgment, Dkt. No. 10, are now before this Court for preservice review pursuant to 28 U.S.C. § 1915(e).

After review of the IFP application, the Court concludes that Perkins qualifies financially for IFP status. That said, an IFP application will be denied, and an action will be dismissed, when an IFP application fails to state a cause of action on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam); *Carter v. Schafer*, 273 Fed. App'x 581, 582 (8th Cir. 2008) (per curiam) ("[C]ontrary to plaintiffs' arguments on appeal, the provisions of 28 U.S.C. § 1915(e) apply to all persons proceeding IFP and are not limited to prisoner suits, and the provisions allow dismissal without service.").

In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all

reasonable inferences in the plaintiff's favor. *See Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008).  Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The complaint must "state a claim to relief that is plausible on its face." *Id*. at 570.  In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations.  *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced.  *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Perkins is currently detained at the Federal Medical Center in Rochester, Minnesota (FMC-Rochester) on an order for civil commitment pursuant to 18 U.S.C. § 4246.  *See* Order for Commitment, *United States v. Perkins*, Case No. 5:92-HC-0654 (E.D.N.C. Nov. 6, 1992) (Dkt. No. 4); *see also* Amend. Comp. Dkt. No. 6.[1] Perkins claims that the defendants are forcibly medicating him without his consent and in violation of his constitutional rights.  According to Perkins, the medication causes him to suffer several negative side effects, including high blood pressure and suicidal ideations.  Perkins says that he attempted suicide in August 2021, and was admitted to the Mayo Clinic with severe head injuries.  Perkins says that he also suffered from nose bleeds from 2012 to 2020 and believes that the medication caused him to have a stroke.  Perkins says that he told the defendants about the negative side effects of this medication, but they responded by increasing—rather than decreasing—the dosage.

---

[1] Perkins's Amended Complaint was docketed as a "corrected complaint" in the Eastern District of North Carolina.  Dkt. No. 6.  Regardless of its title, it is the operative pleading for the purposes of this Report and Recommendation.  *See* Fed. R. Civ. P. 15(a)

Perkins brings this action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), asserting violations of the Eighth Amendment prohibition against cruel and unusual punishment and the Fifth Amendment Due Process Clause. (Dkt. No. 6). He requests monetary damages.

Under *Bivens*, the "victims of a constitutional violation by a federal agent have a right to recover damages against [that] official in federal court despite the absence of any statute conferring such a right." *Carlson v. Green*, 446 U.S. 14, 18 (1980) (discussing *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971)). But the United States Supreme Court has recognized a cause of action under *Bivens* in three limited circumstances: excessive force claims under the Fourth Amendment involving a warrantless search and illegal arrest, *see Bivens*, 403 U.S. at 388; workplace gender discrimination claims in violation of the procedural due process clause of the Fifth Amendment, *see Davis v. Passman*, 442 U.S. 228 (1979), and claims alleging deliberate indifference to a serious medical need in violation of the prohibition against cruel-and-unusual punishment under the Eighth Amendment, *see Carlson*, 446 U.S. at 14. *See also Ahmed v. Weyker*, 984 F.3d 564, 567 (8th Cir. 2020) ("On only three occasions has the Supreme Court recognized a cause of action under *Bivens*."). Further, the Supreme Court has recently made it clear that any further expansion of *Bivens* beyond these three contexts is "a disfavored judicial activity." *Hernandez v. Mesa*, 589 U.S. 93, 93 (2020).

Thus, in determining whether a cause of action exists under *Bivens*, Courts engage in a two-step inquiry: courts "first inquire whether the request involves a claim that arises in a new context . . . second, [courts] ask whether there are any special factors that counsel hesitation about granting the extension." *Hernandez*, 589 U.S. at 102 (internal citations omitted). Here, Perkins asserts violations of the Due Process Clause

of the Fifth Amendment and the Eighth Amendment prohibition against cruel and unusual punishment.  The Supreme Court, however, has only applied *Bivens* to claims alleging Fifth Amendment due process violations in the specific context of workplace discrimination, *Davis*, 442 U.S. at 228, and to claims alleging Eighth Amendment violations related to medical care and treatment, *see Carlson*, 446 U.S. at 14.  Because the Supreme Court has not recognized *Bivens* claims alleging Fifth or Eighth Amendment violations in any other situation, applying *Bivens* here would require extending it to a new context.  This Court, therefore, proceeds to step two.

At the second step, "[t]he focus is on whether there are any special factors that cause [the court] to pause before acting without express congressional authorization. It does not take much, because Congress is usually in the better position to weigh the costs and benefits of creating a new substantive liability." *Ahmed v. Weyker*, 984 F.3d 564, 570 (8th Cir. 2020) (cleaned up).  "If there are alternative remedial structures in place, that alone, like any special factor, is reason enough to limit the power of the Judiciary to infer a new *Bivens* cause of action." *Egbert v. Boule*, 596 U.S. 482, 493 (2022) (quoting *Ziglar v. Abbasi*, 582 U.S. 120, 137 (2017)).

At least one court in this District has explicitly declined to extend *Bivens* to claims—such as this one—challenging the involuntary administration of medication to persons subject to a federal civil commitment order, concluding that alternative remedies exist. *See Victor B.P. v. Daniels*, Case No. 19-cv-2663, 2021 WL 3476710, at *10 (D. Minn. Apr. 12, 2021), *report and recommendation adopted as modified sub nom.*, 2021 WL 2981286 (D. Minn. July 15, 2021).  Indeed, the allegations Perkins asserts in *Victor B.P.* are almost identical to those he presents here.

4

In *Victor B.P.*, Perkins also claimed that he was being forcibly medicated in violation of his due process rights under the Fifth Amendment. *Id.* at *1. But United States Magistrate Judge Elizabeth Cowan Wright rejected that argument, concluding that the procedures that must be followed prior to administering any involuntary treatment—such as forced medication—satisfied due process considerations. *Id.* at *10 (citing *United States v. McAllister*, 969 F. Supp. 1200, 1206-08 (D. Minn. 1997)). The court concluded that "[b]ecause there is a BOP administrative procedure in place to protect Plaintiff's due process rights, the Court finds that special factors exist which counsel against extending liability to BOP employees in their individual capacities merely because they were following BOP regulations." *Id.* Further, as the court noted, "an alternative avenue remains available to Plaintiff to challenge Defendants' actions under the Administrative Procedure Act (APA)." *Id.* Thus, the court recommended dismissing the Plaintiff's *Bivens* claims for money damages. *Id.* The District Court agreed, adopting the recommendation as modified as a dismissal with prejudice. 2021 WL 2981286 at *2 (citing *Holmseth v. City of E. Grand Forks*, Case No. 14-cv-2970, 2015 WL 4488424, at *20 (D. Minn. July 23, 2015) (dismissing claims with prejudice where the claims "fail[ed] at the outset as a matter of law").

Similarly, here, Perkins asserts that the defendants are forcibly medicating him without his consent in violation of the Due Process Clause of the Fifth Amendment. Dkt. No. 6. Perkins, moreover, requests money damages. *Id.* The Court finds no basis to distinguish this case from the analysis in *Victor B.P.* As the Court found in *Victor B.P.*, special factors exist that warrant refraining from extending *Bivens* to this new context, including BOP administrative procedures that are in place to protect Perkins's due

5

process rights. Accordingly, Perkins's Fifth Amendment due process claim should be dismissed.

This leaves Perkins's Eighth Amendment claim. In *Victor B.P.*, Perkins did not assert in his operative amended complaint—as he does here—that the forced administration of medication constitutes cruel and unusual punishment in violation of the Eighth Amendment. 2021 WL 3476710, at *6. Nevertheless, this Court finds that the reasoning the court relied on in *Victor B.P.* to decline to extend *Bivens* to due process claims in this context also applies to Perkins's Eighth Amendment claim.

Perkins's Eighth Amendment claim concerns the effects of the medication the defendants administered following BOP administrative proceedings designed to protect his due process rights. "Courts in this district have concluded, if *Bivens* claims were permitted to be extended in the context of BOP's actions, then 'BOP officials faced with the possibility of personal liability may act differently . . . when dealing with [individuals] in BOP custody.'" *Id.* at *9 (quoting *Biron v. Sawyer*, Case No. 19-cv-2938 (SRN/LIB), 2020 WL 6121270, at *15 (D. Minn. Aug. 21, 2020) (citation omitted), *report and recommendation adopted sub. nom.*, 2020 WL 5812970 (D. Minn. Sept. 30, 2020)). This Court finds that this is one such action: Perkins asserts no facts suggesting that the administration of medication that was authorized pursuant to BOP procedures failed to comply with BOP policy. Accordingly, this Court finds that special factors warrant declining to extend *Bivens* to Perkins's Eighth Amendment claim.

In any event, Perkins has not established an Eighth Amendment violation. As the Court understands it, Perkins claims that the forced administration of medication violates his right to be free from cruel and unusual punishment under the Eighth Amendment because the medication itself has caused deleterious side effects, including high blood

6

pressure, nose bleeds, a stroke, and thoughts of suicide that have led him to attempt suicide. (Dkt. No. 6). The Court views this claim as challenging the *quality* of his medical care, as opposed to the manner in which it is administered.

Courts apply the Eighth Amendment "deliberate indifference" standard to claims brought by civil detainees—such as Perkins—alleging constitutionally deficient medical care.[2] *Mead v. Palmer*, 794 F.3d 932, 936 (8th Cir. 2015). To show deliberate indifference, Perkins must show that "(1) he suffered from objectively serious medical needs, and (2) the defendants actually knew of, but deliberately disregarded, those needs." *Id.* (citing *Fourte v. Faulkner Cnty., Ark.*, 746 F.3d 384, 387 (8th Cir. 2014)). The second—subjective—prong of the deliberate indifference analysis "is an extremely high standard that requires a mental state of more . . . than gross negligence." *Saylor v. Nebraska*, 812 F.3d 637, 644 (8th Cir. 2016) (internal citation omitted). "It requires a mental state akin to criminal recklessness." *Id.* (quoting *Jackson v. Buckman*, 756 F.3d 1060, 1065 (8th Cir. 2014)).

Here, Perkins plainly takes issue with the medications that have been prescribed and administered to him. But he alleges no facts to suggest that the defendants' treatment of his underlying mental health conditions or of the side effects of the medication amounts to "criminal recklessness." Indeed, as alleged, his claims amount to

---

[2] In the context of considering whether to grant Perkins permission to further amend his complaint with an Eighth Amendment claim, the court in *Victor B.P.* concluded that such an amendment would be futile on the grounds that "because an involuntarily committed psychiatric patient is confined for treatment rather than incarcerated for the purpose of punishment following conviction, the Eighth Amendment does not apply." 2021 WL 3476710, at *11 (quoting *Revels v. Vincenz*, 382 F.3d 870, 874 (8th Cir. 2004)). Here, the Court views Perkins's Eighth Amendment claim not in terms of his conditions of confinement, which, as *Victor B.P.* concluded, is properly analyzed under the Fourteenth Amendment, but in terms of the quality of his medical care, which is analyzed under the Eighth Amendment. *See Mead*, 794 F.3d at 936.

nothing more than a mere disagreement of his treatment plan, which is simply insufficient to establish a plausible constitutional violation. *See Meuir v. Greene Cnty. Jail Employees*, 487 F.3d 1115, 1118-19 (8th Cir. 2007) ("A prisoner's mere difference of opinion over matters of expert medical judgment or a course of medical treatment fails to rise to the level of a constitutional violation.") (internal quotation omitted). Accordingly, Perkins's Eighth Amendment claim should also be dismissed.[3]

## RECOMMENDATION

Based on the foregoing, and all of the files, records, and proceedings herein, the Court **RECOMMENDS THAT**:

1. The civil action of Plaintiff Victor B. Perkins, Dkt. No. 6, be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

2. The application to proceed *in forma pauperis* (IFP) of Plaintiff Victor B. Perkins, Dkt. No. 2, be **DENIED as MOOT**.

3. Plaintiff's pending motions—the Motion for Entry of Default, Dkt. No. 7, the Motion for a Procedural Show Cause Order, Dkt. No. 8, the second Motion for a Procedural Show Cause Order, Dkt. No. 9, and the Motion for a Procedural Order as an Interlocutory Judgment, Dkt. No. 10—similarly be **DENIED as MOOT.**

Dated: April 12, 2024                 s/David T. Schultz_____
                                                                           DAVID T. SCHULTZ
                                                                           U.S. Magistrate Judge

---

[3] To the extent that Perkins asserts some other cause of action, this Court finds none. *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) ("Though pro se complaints are to be liberally construed, they must still allege sufficient facts to support the claims advanced.") (internal citations omitted).

**NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).